IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00044-BNB

DANIEL JAMES VIGIL,

    Plaintiff,

v.

STAN HILKEY, Sheriff,
CHAD SEARCY, Deputy,
BLAKE MCCLELLAN, Deputy,
MIKE ROBERTS, CPL,
MELINDA SCHUBERT, Deputy,
JEFF BYRNE, Deputy,
JOHN BROWNLEE, Deputy,
EVERETT BLANCK, Deputy,
WAYNE KEAN, Deputy, and
UNKNOWN NAME OFFICER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 8 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE
THIRD AND FINAL AMENDED COMPLAINT

---

Plaintiff, Daniel James Vigil, currently is incarcerated at the Mesa County Sheriff's Department in Grand Junction, Colorado. Mr. Vigil filed *pro se* an original and two amended civil rights complaints for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

The Court must construe the complaint and amended complaints liberally because Mr. Vigil is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21

(1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Vigil will be ordered to file a third and final amended complaint.

In the second amended complaint, Mr. Vigil alleges that the defendants subjected him to excessive force in the course of an arrest on June 15, 2007, because he is Mexican. He contends that he suffered various injuries, including a broken nose, hand, and finger; an injured hip; permanently scarred knees; a damaged front tooth, a head wound, and bruises all over his body. However, he fails in the text of the second amended complaint to allege what each defendant did to violate his constitutional rights and which constitutional rights were violated.

Personal participation by the named defendants is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ***Id.*** Mr. Vigil must show that each defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Sheriff Stan Hilkey, may not be held liable merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Vigil may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr.

Vigil uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The third and final amended complaint Mr. Vigil will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

It is not clear to the Court whether Mr. Vigil wants the documents he attached to his original and first amended complaints to be considered as part of his second amended complaint, which has no attachments. It is Mr. Vigil's responsibility to edit and organize his claims, supporting allegations, and attachments into a manageable format.

Neither the defendants nor the Court is required to do this work for him. Mr. Vigil must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Vigil "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint and amended complaints do not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Vigil should be given an opportunity to file a third and final amended complaint that asserts, simply and concisely, all the claims he intends to raise, against all the defendants he intends to sue, and with all the attachments he wishes the Court to consider. He will be directed to do so below.

Finally, Mr. Vigil is advised that he must provide sufficient copies of the third and final amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Vigil should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Vigil file **within thirty (30) days from the date of this order** an original and a copy of a third and final amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the third and final amended complaint shall be titled "Third and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Vigil, together with a copy of this order, two copies of the following form to be used in submitting the third and final amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Vigil submit sufficient copies of the third and final amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Vigil fails to file an original and sufficient copies of a third and final amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint, the amended complaints, and the action will be dismissed without further notice.

DATED January 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00044-BNB

Daniel James Vigil
Prisoner No. 3763
Mesa County Jail
PO Box 20,000-5017
Grand Junction, CO 81502-5017

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 1/28/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk