IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 0 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00044-BNB

DANIEL JAMES VIGIL,

    Plaintiff,

v.

STAN HILKEY, Sheriff,
CHAD SEARCY, Deputy,
BLAKE MCCLELLAN, Deputy,
MIKE ROBERTS, CPL,
MELINDA SCHUBERT, Deputy,
JEFF BYRNE, Deputy,
JOHN BROWNLEE, Deputy,
EVERETT BLANCK, Deputy,
WAYNE KEAN, Deputy, and
UNKNOWN NAME OFFICER,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Daniel James Vigil, currently is incarcerated at the Mesa County Sheriff's Department in Grand Junction, Colorado. Mr. Vigil filed *pro se* an original and two amended civil rights complaints for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee. On January 28, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Vigil to file within thirty days a third and final amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that alleged each

Defendant's personal participation in the asserted constitutional violations. On February 27, 2008, Mr. Vigil filed a third amended complaint with exhibits.

The Court must construe the third amended complaint liberally because Mr. Vigil is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the third amended complaint will be dismissed.

In the third amended complaint, Mr. Vigil alleges that on June 15, 2007, he was in his truck when a police car pulled behind him and a policeman inside turned on the car's flashing lights, signaling for Mr. Vigil to pull over. He further alleges that he took off in his truck, that the police pursued and eventually stopped him, and that two Defendant police officers shot him with tasers in the course of arresting him. He also alleges that Defendants subjected him to excessive force in the course of the arrest because he is Mexican. He contends that he suffered various injuries, including a head wound, damaged front tooth, and bruises across his upper body.

Mr. Vigil appears to assert eight claims based upon the June 15, 2007, arrest and the conditions of his confinement following the arrest. However, because the claims are not organized in a clear and understandable fashion, with one claim following another in proper numerical order, and because the claims appear to continue on additional pages that are not clearly marked as such, and because Mr. Vigil has failed to number all the pages in his third amended complaint, thereby foisting on to the Court the insurmountable challenge to piece together his claims without the help of a

road map, he had made it impossible for the Court to comprehend and determine the content of each claim.

The January 28, 2008, order for a third and final amended complaint directed Mr. Vigil to file a complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland informed him that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge Boland advised Mr. Vigil that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Magistrate Judge Boland specifically pointed out to him that Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." He was advised that the philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." He advised Mr. Vigil that, taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Magistrate Judge Boland warned him that prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland also warned Mr. Vigil that it was his responsibility to edit and organize his claims, supporting allegations, and attachments into a manageable format, and that neither Defendants nor the Court was required to do this work for him. He directed Mr. Vigil to assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly had been violated and the specific acts of each Defendant that allegedly violated his rights. He pointed out that in order for Mr. Vigil "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. **See Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the third amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and, therefore, that the third amended complaint must be dismissed. Accordingly, it is

ORDERED that the third and final amended complaint that Plaintiff, Daniel James Vigil, filed on February 27, 2008, is dismissed without prejudice for failure to

comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 7 day of March, 2008.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00044-BNB

Daniel James Vigil
Prisoner No. 3763
Mesa County Jail
PO Box 20,000-5017
Grand Junction, CO 81502-5017

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3\10\08

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                        Deputy Clerk